IN THE UNITED STATES DISTRICT COURT RECEIVED
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION       2011 DEC 16  P 12: 41

KOHLER M. COLLIER, an individual          )
Alabama resident,                         )
                                          )        DEBRA P. HACKETT, CLK
          Plaintiff,                      )        U.S. DISTRICT COURT
                                          )        MIDDLE DISTRICT ALA
                                          )
v.                                        )        CIVIL ACTION NO.: 31 I-Cv-1075 WKW-SRW
                                          )
ALLY FINANCIAL INC.,                      )        DEMAND FOR TRIAL BY JURY
successor-in-interest to GMAC             )
FINANCIAL SERVICES, INC.,                 )
a foreign corporation,                    )
                                          )
          Defendant.                      )

## COMPLAINT

1.     This is an action brought by the Plaintiff, Kohler M. Collier ("Plaintiff"), for

actual, statutory and punitive damages, attorneys' fees and costs for violations of the Fair Debt

Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Fair Credit Reporting

Act ("FCRA"), 15 U.S.C. § 1681, *et seq.* Plaintiff also seeks compensatory and punitive

damages for the Defendant's violations of Alabama common law as set forth herein.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p, 15

U.S.C. § 1692k(d), and 28 U.S.C. §§ 1331 and 1332. The Court has jurisdiction over Plaintiff's

state law claims pursuant to 28 U.S.C. § 1367. Venue is proper in that Defendant transacted

business in the Middle District of Alabama, and Plaintiff resides here.

## PARTIES

3.     Plaintiff, Kohler M. Collier, is a resident citizen of the Lee County, Alabama, currently residing in China.  Plaintiff is over the age of nineteen (19) years.  Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3).

4.     Defendant, Ally Financial, Inc. ("Ally"), is a foreign corporation with its principal place of business, upon information, knowledge and belief, in Detroit, Michigan, and is the successor-in-interest to GMAC Financial Services, Inc. ("GMAC"), who engaged in the wrongs as set forth herein.  At all times relevant herein, GMAC was doing business in the State of Alabama and was engaged in the business of collecting consumer debts from consumers residing in Alabama. Ally and/or GMAC is a "debt collector" as defined in 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

5.     In or about March 2007, Plaintiff co-signed for the purchase of a 2005 Ford Explorer (VIN 1FMZU73E75UB47049) (the "Automobile"), which was financed through GMAC. Damion Scott ("Scott"), the other co-signor, was primary custodian of the Automobile. Plaintiff and Scott (collectively, the "Debtors") financed $24,750.02 through GMAC.

6.     The Debtors eventually became delinquent in the payments to GMAC. Accordingly, in or about October 2007, Plaintiff, on behalf of himself and Scott, surrendered the Automobile to GMAC.

7.     On or about February 16, 2008, Plaintiff received a letter from GMAC informing him that GMAC was in receipt of the Automobile, and that the same would be sold at a private sale sometime after March 2, 2008.

8.      Subsequent thereto, GMAC repeatedly called and corresponded with Plaintiff, accusing Plaintiff of being in possession of the Automobile and demanding the return of the same, all while GMAC was in possession of the Automobile.

9.      On March 11, 2009, Plaintiff obtained copies of his credit report from Experian, Equifax and Trans Union, each evidencing the GMAC account as having a balance due of $19,819.00.  The Equifax report evidenced the account as "MERCHANDISE REDEEMED," and the Experian and Trans Union reports evidenced the account as "dispute resolved," when it was not.

10.     On or about April 6, 2009, Plaintiff's previous attorney, J. Alex Muncie, III ("Muncie"), sent a letter to GMAC.  In the letter, Muncie notified GMAC that he represented Plaintiff.  Muncie further requested that GMAC:  (i) cease and desist from contacting Plaintiff; (ii) provide an itemized statement evidencing the amounts allegedly owed by Plaintiff; and (iii) attempt to correct Plaintiff's credit rating, which evidenced Plaintiff's account as past due.

11.     Sometime subsequent to April 2009, Scott was allowed to redeem the Automobile without the knowledge or acquiescence of Plaintiff.  All the while, GMAC continued contacting Plaintiff, each time demanding either payment for the Automobile or the return of the same.

12.     In July 2010, Plaintiff received a letter from GMAC informing him that GMAC was again in possession of the Automobile, and that the balance due on Plaintiff's account was $20,191.42.

13.     On August 20, 2010, Muncie corresponded with GMAC, attaching a copy of his letter of April 6, 2009, again requesting that Plaintiff be removed from any liability relating to the Automobile, and again requesting that GMAC cease all contact directly with Plaintiff.

3

14.     Subsequent thereto, GMAC persisted in its collection efforts, continuing to harass and bother Plaintiff, demanding payment on the account and/or demanding return of the Automobile, all while GMAC knew or should have known the true whereabouts of the Automobile.

15.     Upon information, knowledge, and belief, GMAC continues to report Plaintiff's account as "charged off" to Experian, Equifax, and Trans Union. Plaintiff's Equifax credit score is 527 due to "serious delinquency" as a result of GMAC's reporting.

16.     On December 8, 2011, Plaintiff sent letters to GMAC, Experian, Equifax, and Trans Union disputing, among other things, the GMAC account reported on his credit report. Plaintiff also sent a letter to GMAC directly, disputing that he owed any money on the account, and again requested no further contact from GMAC concerning the account. Plaintiff requested that GMAC take whatever steps necessary to correct this matter.

17.     Despite Plaintiff's numerous attempts to correct this matter, Defendant has failed and/or refused to correct Plaintiff's account, and continues to assert that Plaintiff has a "charged off" collection account, which continues to be reported to various third parties, including the three national credit reporting bureaus.

18.     On several occasions, subsequent to the surrender of the Automobile, Plaintiff has been denied credit as a result of the reporting by GMAC.

### COUNT I
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

19.     Plaintiff adopts each and every allegation contained in the preceding paragraphs as if the same were set forth fully herein.

20.     Ally and/or GMAC have engaged in collection activities and practices in violation of the FDCPA with respect to Plaintiff and his alleged consumer debt.

4

21.    Ally and/or GMAC has violated 15 U.S.C. § 1692(e)(8) during the past twelve months by communicating credit information about Plaintiff when Defendant knew or should have known was false.

22.    Defendant violated § 1692e(8) by failing to communicate to Equifax that the Plaintiff's disputed debt was disputed.

23.    Defendant violated § 1692c(a)(2) by communicating directly with Plaintiff when it had actual or constructive knowledge that Plaintiff was represented by counsel in connection with the purported debt to GMAC.

24.    In violation of 15 U.S.C. § 1692g(b), after receiving written notification from Plaintiff that the debt was disputed, GMAC and/or Ally failed to cease collection of the debt, or any disputed portion thereof. Specifically, Defendants continued to report the disputed debt on Plaintiff's credit reports in an effort to collect the debt.

25.    As a proximate result of Defendant's actions, Plaintiff was caused to suffer actual damage to his credit and credit reputation, worry, humiliation, fear, loss of sleep, anxiety, nervousness, physical sickness, physical pain, and mental anguish. Plaintiff was also caused to incur out of pocket expenses and attorneys' fees.

## COUNT II
## VIOLATION OF THE FAIR CREDIT REPORTING ACT

26.    Plaintiff adopts each and every allegation contained in the preceding paragraphs as if the same were set forth fully herein.

27.    Defendant violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct an investigation after receiving notice that Plaintiff disputed the information Defendant had provided to a consumer reporting agency.

28.     Defendant violated 15 U.S.C. § 1681s-(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agency pursuant to § 1681i.

29.     Defendant violated 15 U.S.C. § 1681s-2(b) by failing to conduct an investigation as to the accuracy of the information reported to consumer reporting agencies.

30.     Defendant violated 15 U.S.C. § 1681s-(b)(2) by failing to complete all investigations, reviews, and reports required under § 1681s-2(b)(1) within 30 days.

31.     Defendant violated 15 U.S.C. § 1681s-2(b)(1) by reporting inaccurate, incomplete, false, and misleading results of the investigation, if any, to reporting agencies.

32.     Defendant violated 15 U.S.C. § 1681s-2(b)(1) by failing to notify all consumer reporting agencies that the reporting of its account was inaccurate, incomplete, false, and misleading.

## COUNT III
## NEGLIGENCE/WANTONNESS

33.     Plaintiff adopts each and every allegation contained in the preceding paragraphs as if the same were set forth fully herein.

34.     As set forth herein, Defendant negligently and/or wantonly handled/administered Plaintiff's consumer account and further negligently communicated false statements regarding Plaintiff to third parties and the public at large.

35.     The aforementioned negligent/wanton acts subjected Plaintiff to the denial of credit by third parties, harmed Plaintiff's reputation, and caused Plaintiff mental anguish and emotional distress.

36.     As a proximate consequence of Defendant's negligence/wantonness, Plaintiff was caused to endure collection activities and harassment by debt collectors, have negative credit reports, to be held up to public ridicule or shame, denied credit, and made to suffer humiliation,

anxiety, loss of sleep, anger, fright, physical pain and illness and mental anguish, for which he claims compensatory and punitive damages.

37.     Plaintiff claims punitive damages of Defendant due to its wanton, willful and/or reckless conduct.

**COUNT IV**
**NELIGENT/WANTON TRAINING AND SUPERVISION**

38.     Plaintiff adopts each and every allegation contained in the preceding paragraphs as if the same were set forth fully herein.

39.     Defendants negligently/wantonly failed to train and supervise its employees, agents, and/or assigns in order to prevent said conduct.

40.     Defendant knew or should have known of its inadequate training and supervision, and should have known that the conduct of its agents, servants, and/or employees was improper.

41.     If Defendant had properly trained or supervised its employees, agents, and assigns, the conduct set forth herein, which was directed at and visited upon Plaintiff, would not have occurred.

42.     As a proximate consequence of Defendant's negligent/wanton training and supervision, Plaintiff was caused to endure collection activities and harassment by debt collectors, have negative credit reports, to be held up to public ridicule or shame, denied credit, and made to suffer humiliation, anxiety, loss of sleep, anger, fright, physical pain and illness and mental anguish, for which he claims compensatory damages.

43.     Plaintiff claims punitive damages of Defendant due to its wanton, willful and/or reckless conduct.

## DAMAGES DEMANDED

WHEREFORE, premises considered, Plaintiff demands judgment against Defendant, for the following:

A.   Declaratory Judgment that Defendant's conduct violated the FDCPA;

B.   Actual damages for Defendant's violations of the FDCPA;

C.   Statutory damages of $1,000 from Defendant pursuant to 15 U.S.C. § 1692k;

D.   Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k;

E.   Actual damages from Defendant pursuant to 15 U.S.C. § 1681n(a)(1)(A);

F.   Punitive damages from Defendant pursuant to 15 U.S.C. § 1681n(a)(2);

G.   Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3);

H.   Compensatory damages on Plaintiff's state law claims;

I.   Punitive damages in an amount to be determined by a jury; and

J.   Any such other, further, or different relief as the Court may deem just and proper.

Respectfully submitted this the 15th day of December 2011.

WHITTELSEY, WHITTELSEY & POOLE, P.C.

BY:   DAVIS B. WHITTELSEY (WHI067)
JONATHAN K. CORLEY (COR049)
Attorney for Plaintiff
Post Office Box 106
Opelika, Alabama 36803–0106
Tel.:   (334) 745–7766
Fax:   (334) 745–7666
E-mail: dwhittelsey@wwp-law.com
        jcorley@wwp-law.com

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY ON ALL COUNTS**

JONATHAN K. CORLEY

**SERVE DEFENDANT VIA CERTIFIED MAIL:**

C.T. Corporation System
2 North Jackson Street, Suite 605
Montgomery, Alabama 36104